UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MATTHEW JONES,

        Plaintiff,   **MEMORANDUM AND ORDER**
                                                                 23-CV-8101 (PKC)
    -against-

NEW YORK CITY POLICE DEPARTMENT;
SUFFOLK COUNTY POLICE DEPARTMENT;
and U.S. COAST GUARD,

        Defendants.
-------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Matthew Jones brings this *pro se* action, along with a request to proceed *in forma pauperis*. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Memorandum & Order. For the reasons discussed below, the Complaint is dismissed.

### STANDARD OF REVIEW

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in a complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a *pro se* plaintiff's

1

complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

A district court, however, has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Supreme Court further stated in *Denton* that "a court is not bound . . . to accept without question the truth of the plaintiff's allegations. We therefore reject the notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be rebutted by judicially noticeable facts." *Id*.

## DISCUSSION

Plaintiff's Complaint raises disturbing allegations that do not present any cognizable claim. For example, Plaintiff writes, "I died many times from a*** rapes, beatings, and poisonings and was resurrected by the medicines made from 250 year old trees and plants that only grow around them, many times." (Complaint ("Compl."), Dkt. 1, at 2.) Plaintiff's Complaint also states:

> Identity thieves are murderers who live in their victim's face, speak with their voice, and possess the legal records of their victims. At least one of their identities is a police officer. At least one of their identities is a Wight gang member. The Wight gang is about ten thousand years old. It is a group of 80–83 brown black men and women identities and a larger number of male and female police who say they are white in attempts to murder white people. They take Havlicek DNA combined with lobster DNA to have a white appearance for a brief time.

(*Id.* at 3.) Plaintiff seeks money damages in the amount of $10,000,000. (*Id*. at 11.)

Plaintiff's allegations, even under the very liberal reading afforded to *pro se* pleadings (and even if Plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." *Denton*, 504 U.S. at 33; *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court

may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless-that is, they are fanciful, fantastic, or delusional."). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 25; *see also Khalil v. United States*, Nos. 17-CV-2652 (JFB), 17-CV-5458 (JFB), 2018 WL 443343, at *3–4 (E.D.N.Y. Jan. 12, 2018) (dismissing *pro se* complaint where the Court found the allegations to be "irrational or wholly incredible"), *Bussie v. IRS Comm'r*, Nos. 16-CV-7006 (MKB), 17-CV-157 (MKB), 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017).

Given the implausibility of Plaintiff's allegations, this action cannot proceed. *See Walker v. Real Life Church*, No. 22-CV-4455 (AMD), 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rose to the level of the irrational).

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco*

3

*v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and therefore declines to do so.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is respectfully directed to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 3, 2023
    Brooklyn, New York